Aurelio Luis TEJADA;
et al., Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–74643.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 3, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.    R.App. P. 34(a)(2).

690

---

Frank P. Sprouls, Esquire, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioners.

L. Kym Davis Rogers, Esquire, U.S. Department of Justice, Civil Division, Douglas E. Ginsburg, Esquire, U.S. Department of Justice, OIL, Jonathan F. Potter, Esquire, U.S. Department Of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Aurelio Luis Tejada, his wife and two children, natives and citizens of Peru, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000), and deny the petition for review.

■ The record does not compel the conclusion that Tejada has shown changed or extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R § 1208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 656–57 (9th Cir.2007) (per curiam). Accordingly, Tejada's asylum claim fails.

■ Substantial evidence supports the agency's denial of withholding of removal because Tejada failed to establish that the government is unable or unwilling to control the perpetrators of the violence and threats against him. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). In addition, Tejada failed to demonstrate that it was more likely than not he will be persecuted if he returned to Peru. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.